JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
ELIANIS PEREZ
Assistant Director
AARON S. GOLDSMITH
Senior Litigation Counsel
VANESSA MOLINA
Trial Attorney
Office of Immigration Litigation
District Court Section
United States Department of Justice

P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4413
Facsimile: (202) 305-7000
Email: Vanessa.Molina@usdoj.gov

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SPRINGCOIN, INC; and DEVIKA PRADHAN,

Plaintiffs,

vs.

KATHY BARAN, in her official capacity, Director of the Calirfonia Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, *et al*.,

Defendants.

CASE NO.: 2:19-CV-09444-PA-RAO

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

Honorable Percy Anderson
United States District Judge

**HRNG: April 6, 2020 at 1:30 pm**
Courtroom 9A

# TABLE OF CONTENTS


INTRODUCTION……………………………………………………………………......1

I. FACTUAL ALLEGATIONS……………………………………………………..1

II. APPLICABLE LAW……………………………………………………………...3

a. Rule 12(b)(1) Standard of Review……………………………………………….3

b. Rule 12(b)(6) Standard of Review ………………………………………………4

c. H-1B Regulations and LCA Requirements ………………………………...4

III. ARGUMENT…………………………………………………………………...6

a. Plaintiffs lack standing……………………………………………………………6

b. Plaintiffs fail to state a claim upon which relief can be granted………………..8

i. The April 2019 LCA was factually incorrect …………………………..8

ii. The August 2019 LCA was certified after the H-1B petition …………9

IV. CONCLUSION………………………………………………………………..10

CERTIFICATE OF SERVICE …………………………………………………………11

Cases

*Allen v. Wright*, 468 U.S. 737 (1984) ..............................................................9

*Amcor Rigid Plastics USA, Inc. v U.S. Citizenship and Immigration Services*, No. 14-cv-12699, 2014 WL 6686778 (E.D. Mich. Nov. 26, 2014) .....................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................5, 9

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) ............................4

*Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)...................................... 4, 11

*Cyberworld Enter. Techs., Inc. v. Napolitano*, 602 F.3d 189 (3d Cir. 2010)............6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...............................................7

*Matter of Simeio Solutions, LLC*, 26 I. & N. Dec. 542 (AAO 2015) ........................9

*Nat'l Family Planning Reproductive Health Ass'n v. Gonzales*, 468 F.3d 826 (D.C. Cir. 2006).......................................................................... 9, 10

*Petro–Chem Processing, Inc. v. EPA*, 866 F.2d 433 (D.C.Cir.1989) .....................10

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998) ............................6

*Vacek v. United States Postal Service*, 447 F.3d 1248 (9th Cir. 2006).....................6

*Walker Macy LLC v. USCIS*, 243 F. Supp. 3d 1156 (D. Or. 2017)....................7

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004)....................6

Statutes

5 U.S.C. § 701....................4

8 U.S.C. § 1182(n)(1)....................8

8 USC. §§ 1182(n)(1)(D)....................8

Pub. L. No. 101-649....................7

Rules

Fed. R. Civ. P. 12(b)(1)....................4, 6

Fed. R. Civ. P. 12(b)(6).................... 4, 6, 11

Regulations

8 C.F.R. § 655.730(a)....................7

20 C.F.R. § 655.730(b) .................... 8, 12

20 C.F.R. §§ 655.700(b)(2)....................8

20 C.F.R. §§ 655.730(c)(4)....................8

## INTRODUCTION

U.S. Citizenship and Immigration Services ("USCIS") moves this Court to dismiss Springcoin's Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). Springcoin seeks this Court's review of the denial pursuant to the Administrative Procedures Act ("APA"). 5 U.S.C. § 701 *et. seq*. As explained below, Springcoin failed to demonstrate the elements of Article III standing necessary to invoke this Court's jurisdiction. Their purported injuries are not traceable to any action by USCIS, but to their own error in failing to obtain a correct certified Labor Condition Application ("LCA") prior to the filing of the H-1B petition as required by regulations. 8 C.F.R. § 214.2(h)(4)(i)(B)(1). Even if Springcoin had Article III standing, under their own facts, they fail to state a claim upon which relief can be granted for the same reason. Thus, their claim fails as a matter of law.

## I. FACTUAL ALLEGATIONS

Plaintiff Springcoin Inc. is a Delaware corporation providing technology services registered to conduct business in California. Complaint ("Compl."), ECF No. 1, ¶ 5. In California, Springcoin conducts business as Spring Labs based in Los Angeles. *Id*. On April 11, 2019, Springcoin filed a petition seeking to classify

Plaintiff-beneficiary Devika Pradhan as a specialty occupation worker in the position of backend software engineer. *Id.* ¶ 17. Along with the petition, Springcoin filed an LCA indicating that the Plaintiff-Beneficiary would be paid according to the prevailing wage code SOC 15-1037. *Id.* ¶ 19(a). This wage code specifies the prevailing wage paid to those employed by an institution of higher education. *Id.*

On July 23, 2019, USCIS issued a Notice of Intent to Deny ("NOID") explaining that the LCA contained an occupational code derived from the database of higher education employers, not from general employers like Springcoin. *Id.* ¶¶ 5, 18. On August 15, 2019, Springcoin submitted a response to the NOID explaining that it had inadvertently chosen the code from the database for higher education, non-profit, and government employers. *Id.* ¶ 19(a). It also included a new LCA that listed the correct code, SOC 15-1133, from the database of general employers. *Id.* ¶ 19(a)-(c). On September 4, 2019, Defendants denied Springcoin's petition on the ground that the replacement LCA did not meet the regulatory requirements because had been certified after the H-1B petition had been submitted. *Id.* ¶ 20.

## II. APPLICABLE LAW

### a. Rule 12(b)(1) Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if the court lacks jurisdiction over the subject-matter of the suit. Fed. R. Civ. P. 12(b)(1). Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006). A Rule 12(b)(1) motion may be either facial, where, as here, the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-95 (1998).

### b. Rule 12(b)(6) Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The factual "allegations must be enough to raise a right to relief about the speculative level" and a claim for relief must be "plausible on its face." *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 570 (2007). In determining whether a complaint satisfied the plausibility standard, courts conduct a "context-specific ask that requires [them] to draw on judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**c. <u>H-1B Regulations and LCA Requirements</u>**

In 1990, when Congress created the H-1B classification for professionals, labor unions raised concerns about it not having sufficient requirements for determining the availability of qualified U.S. workers. *See* Pub. L. No. 101-649, 104 Stat. 4978. The union's efforts were to ensure the H-1B classification did not displace American workers in favor of hiring foreigners. *See Walker Macy LLC v. USCIS*, 243 F. Supp. 3d 1156, 1162 (D. Or. 2017) (explaining the history of the H-1B program). Congress sought to allay those concerns by imposing a requirement that employers seeking to employ an H-1B temporary worker ***first*** file an LCA with the Department of Labor ("DOL"). *See* 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n); 8 C.F.R. § 655.730(a).

In the LCA, the employer must identify the position, prevailing wage for the occupation in the area of intended employment and the specific source relied upon to determine the wage, among other requirements, and attest it will comply with the program requirements, including paying the H-1B worker the mandated wage rate for all work performed in the U.S. *See* 8 USC. §§ 1182(n)(1)(D), (n)(2)(C)(viii)(I); 20 C.F.R. §§ 655.730(c)(4), 655.731(c)(7)(i). DOL, however, does not conduct an extensive front-end review of the LCA. *See* 8 U.S.C. § 1182(n)(1); *Cyberworld Enter. Techs., Inc. v. Napolitano*, 602 F.3d 189, 193 (3d Cir. 2010) (explaining that DOL is "not generally permitted to investigate the veracity of the employer's attestations on the LCA prior to certification," but required to investigate complaints filed not later than 12 months after a failure to comply or misrepresentation). The DOL is required to certify an LCA within seven days unless the LCA is "incomplete or obviously inaccurate." 8 U.S.C § 1182(n)(1). It is the employer's responsibility to ensure that the LCA is complete and accurate. 20 C.F.R. § 655.730(b). When the DOL certifies the LCA, the employer may then file it along with an I-129, Petition for a Nonimmigrant worker, with USCIS. 20 C.F.R. §§ 655.700(b)(2); 655.730(c)(3). Then, USCIS must determine whether the attestations and content of the LCA correspond to and

support the H-1B visa petition. *Matter of Simeio Solutions, LLC*, 26 I. & N. Dec. 542 (AAO 2015).

## III. ARGUMENT

### a. Plaintiffs lack standing

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show an injury-in-fact that is traceable to the challenged conduct and that will likely be redressed by a favorable decision on the merits. *Id*. at 560-61. Traceability is a concept that "examines the causal connection between the assertedly unlawful conduct and the alleged injury." *Allen v. Wright*, 468 U.S. 737, 753 n. 19 (1984). A "self-inflicted harm doesn't satisfy the basic requirements for standing" because "[s]uch harm does not amount to an injury cognizable under Article III." *Nat'l Family Planning Reproductive Health Ass'n v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006).

It is undisputed that Springcoin submitted two different LCAs in support of their April 11, 2019 H-1B petition: one in April and one in September 2019. Compl. at ¶¶ 18-19. Nonetheless, each was defective for different reasons, and neither complied with the regulatory requirements to support Springcoin's H-1B petition. The April 2019 LCA indicated the prevailing wage code for higher

education, non-profit, or government employers. *Id*. Because Springcoin is a private corporation, the April 2019 LCA could not support its H-1B petition. Stated another way, the April 2019 LCA was factually inaccurate. Accordingly, USCIS issued a NOID alerting Springcoin of the deficiency based on the inaccuracy. Compl. at ¶ 18. The LCA that Springcoin submitted in response to the NOID, which corrected the wage code to reflect the type of employer, by regulation, could not support its petition because it was obtained after the filing of the H-1B. *Id*. at ¶ 19.

Indeed, Springcoin concedes in their Complaint: "[t]he LCA must be certified by the Department of Labor before the employer may submit its H-1B petition." *Id*. at ¶ 16. Inexplicably, however, Springcoin asks this Court to assign error to USCIS for its own failure to obtain a correct LCA certified before April 11, 2019, to support its April 11, 2019 H-1B petition. Springcoin's own complaint show that their injuries are entirely self-inflicted and not traceable to the actions of USCIS. *See Petro–Chem Processing, Inc. v. EPA*, 866 F.2d 433, 438 (D.C. Cir.1989) (self-inflicted injury does not support standing if it is "so completely due to the [complainant's] own fault as to break the causal chain"). Springcoin cannot demonstrate standing, and this action should be dismissed for lack of subject-matter jurisdiction.

**b. Plaintiffs fail to state a claim upon which relief can be granted**

To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, as a matter of law, Springcoin cannot show that USCIS is liable for their failure to comply with the regulations in obtaining a correct LCA to support its April 11, 2019 H-1B petition.

i. <u>The April 2019 LCA was factually incorrect</u>

To be clear, Springcoin admits that it incorrectly completed the April 2019 LCA. Compl. at ¶ 19. However, Springcoin argues that USCIS's erred because it ignored its explanation that the April 2019 LCA was factually incorrect due to a clerical error. Compl. at ¶ 20. Springcoin's admission of error, however, does not cure the defects of its filing. Stated differently, an admission of clerical error cannot erase the higher education database code in the April 2019 LCA, and substitute it for the correct code. Similarly, an admission of clerical error does not shift liability to USCIS, especially when the regulations assign responsibility to the

employer. 20 C.F.R. § 655.730(b) ("It is the employer's responsibility to ensure that the LCA is complete and accurate.").

ii. <u>The August 2019 LCA was certified after the H-1B petition</u>

As a result of the NOID, Springcoin "in an abundance of caution, submitted a replacement LCA which listed the correct LCA code." Compl. at ¶ 19(c). Yet, neither of Springcoin's submissions were compliant with the regulations. As explained above, the first, or April 2019, LCA was not compliant because it was factually inaccurate due to the wrong employer classification code. The second, or August 2019, corrected LCA was not compliant because was certified after the filing of the petition. *See* Compl. at ¶ 16. Assuming *arguendo*, even if USCIS had accepted Springcoin's explanation of a clerical error, it would still be unable to approve the H-1B petition simply because the corrected LCA did not comply with the regulations that require that the LCA be certified prior to the filing of the H-1B petition. 8 C.F.R. § 214.2(h)(4)(i)(B)(1). Indeed, clerical errors that result in contravention of regulations may serve as bases for rejection or denial. *see Amcor Rigid Plastics USA, Inc. v U.S. Citizenship and Immigration Services*, No. 14-cv-12699, 2014 WL 6686778 (E.D. Mich. Nov. 26, 2014) (rejection of a petition sent to the wrong service center was not arbitrary or capricious because it was "based on the regulations, instructions and other published guidelines"); *Ladybug and*

*Friends Preschool, LLC v. Napolitano*, No. 14-cv-1972 (N.D. Ill. Dec. 11, 2014) (rejection of a petition without a signed LCA was not a decision contrary to law).

## IV. CONCLUSION

For the reasons stated, Springcoin's Complaint should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

DATED: March 3, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
ELIANIS PEREZ
Assistant Director
AARON S. GOLDSMITH
Senior Litigation Counsel

/s/
VANESSA MOLINA
Trial Attorney
Benjamin Franklin Station
P.O. Box 868
Washington, DC 20004
Tel.: (202) 532-4413
Email: Vanessa.Molina@usdoj.gov

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

Case No. 2:19-CV-094444-PA

I hereby certify that I am over the age of 18 and not a party to the above-titled action. I am employed as a Trial Attorney at the United States Department of Justice, Office of Immigration Litigation, District Court Section. My business address is P.O. Box 868, Ben Franklin Station, Washington, DC 20044.

On March 3, 2020, I served this DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS, on each person or entity named below by uploading an electronic version of this document to the Court's ECF system:

Jan H. Brown
Law Office of Jan H. Brown
363 Seventh Ave., 20th Floor
New York, New York 10001

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on March 3, 2020, at San Diego, CA.

By: *s/ Vanessa Molina*
Vanessa Molina
Trial Attorney
United States Department of Justice
Civil Division