JAN H. BROWN
Jhb@janHbrown.com
LAW OFFICES OF JAN H. BROWN, P.C.
363 Seventh Avenue, 20th Floor
New York, NY 10001
Tel.: 212-397-2800

Attorney for Plaintiffs
SPRINGCOIN, INC., and DEVIKA PRADHAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINGCOIN, INC.; and DEVIKA PRADHAN,<br><br>Plaintiffs,<br><br>v.<br><br>Kathy A. BARAN, in her Official Capacity, Director of the California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, *et al.*,<br><br>Defendants | No. 2:19-CV-09444-PA-RAO<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>Hon. Percy Anderson, United States District Judge<br><br>Date: April 6, 2020<br>Time: 1:30 p.m.<br>Courtroom: A |

Plaintiffs SPRINGCOIN, INC., and DEVIKA PRADHAN respectfully submit the following Memorandum of Points and Authorities in opposition to Defendants' Motion to Dismiss:

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................3

ARGUMENT ..................................................................................................................4

    I.      THE NATURE OF PLAINTIFFS' CLAIM .........................................4

    II.     PLAINTIFFS HAVE STANDING .....................................................5

    II.     PLAINTIFFS HAVE STATED A CLAIM FOR RELIEF UNDER

            THE ADMINISTRATIVE PROCEDURE ACT ................................9

CERTIFICATE OF SERVICE ....................................................................................14

# TABLE OF AUTHORITIES

**Federal Cases**

*BK Instrument, Inc. v. United States*, 715 F. 2d 713 (2nd Cir. 1983)..........................9

*Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003) ...............................11

*Branstad v. Veneman*, 212 F. Supp. 2d 976 (ND Iowa 2002)..................................10

*Clapper v. Amnesty Intern. USA*, 568 U.S. 398 (2013).............................................8

*Kwan v. Donovan*, 777 F.2d 479 (9th Cir.1985)......................................................11

*Nat'l Family Planning Reproductive Health Ass 'n v. Gonzales*, 468 F.3d 826 (D.C. Cir. 2006) ....................................................................................................5, 6

*Petro-Chem Processing, Inc. v. EPA*, 866 F.2d 433 (D.C. Cir.1989) .......................6

*THE BUTTON DEPOT v. US Dept. of Homeland Sec.*, 386 F. Supp. 2d 1140 (C.D. Cal. 2005).................................................................................................12

*United States v. Ritchie*, 342 F.3d 903(9th Cir. 2003)...............................................4

*Young China Daily v. Chappell*, 742 F. Supp. 552 (N.D. Cal. 1989) ......................12

**Federal Statutes**

5 U.S.C. § 706(2)(A)....................................................................................................4

**Federal Rules**

8 CFR §103.2 (b)(11)................................................................................................11

8 CFR §103.2 (b)(8)(iv).............................................................................................11

# ARGUMENT

## I. THE NATURE OF PLAINTIFFS' CLAIM

Plaintiffs' claim is a simple one. According to the facts alleged in the complaint, which of course must be deemed true for the purposes of a motion to dismiss, *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003), Plaintiff Springcoin, Inc., filed an H-1B visa petition on behalf of Plaintiff Pradhan. Unfortunately, the Labor Condition Application submitted therewith had a typographical error, in that is listed the wrong occupation code. Defendant USCIS then issued a Notice of Intent to Deny because of the error. Plaintiff Springcoin responded by explaining that the error was inadvertent and also submitted a replacement LCA. However, Defendants simply ignored the proffered explanation for the error, and also rejected the replacement LCA.

Plaintiffs contend that Defendants refusal to accept the proffered evidence and their subsequent denial of the visa petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A), because Defendants failed to properly consider all evidence and failed to apply applicable laws and regulations. .

///

///

///

## II. PLAINTIFFS HAVE STANDING

Defendants claim that Plaintiffs lack standing because the harm they suffered was "self-inflicted." Defendants' Memorandum of Points and Authorities at 6. In other words, Defendants claim that Plaintiff cannot seek redress for Defendants' failure to follow applicable regulations because there was a typographical error on the Labor Condition Application which they submitted in support of their H-1B petition. That is an extraordinary claim. Unsurprisingly, it is not supported by the authorities cited by Defendants.

The first case cited by Defendants is *Nat'l Family Planning Reproductive Health Ass'n v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006). That case arose out of Congress's adoption of the Weldon Amendment, which prohibited recipients of federal grant funds from discriminating against individuals or entities that refuse to provide or refer for abortions. The plaintiff argued that the Amendment was void for vagueness under the First Amendment, because of an ostensible conflict between the Weldon Amendment and a Health and Human Services regulation governing Title X funds. As a result, the plaintiff argued, its members did not know how to abide by the HHS regulation as well as the Weldon Amendment and were therefore in jeopardy of losing federal grants.

In finding that the plaintiff lacked standing, the D.C. Circuit held:

> The supposed dilemma is particularly chimerical here because the association's asserted injury appears to be largely of its own making. We have consistently held that self-inflicted harm doesn't satisfy the basic requirements for standing. Such harm does not amount to an "injury" cognizable under Article III. ... Here the association has within its grasp an easy means for alleviating the alleged uncertainty. It could inquire of HHS exactly how the agency proposes to resolve any of the conflicts that it claims to spot between the amendment and the regulations. Under the Administrative Procedure Act, the association has the right to petition HHS to adopt a rule clarifying the responsibilities of Title X grantees. 5 U.S.C. § 553(e). It has never done so. . . . As the association has *chosen* to remain in the lurch, it cannot demonstrate an injury sufficient to confer standing.

468 F.3d at 81 (emphasis in original).

The second case cited by Defendants is *Petro-Chem Processing, Inc. v. EPA*, 866 F.2d 433 (D.C. Cir.1989). In that case, the petitioner complained that lax EPA regulation of hazardous waste disposal in salt domes placed its members on the horns of a dilemma:

> "[M]embers that provide cleanup services or waste brokering for customers will either lose business if they do not use geologic

6

repositories or face greater potential liability for disposal in unprotective geologic repositories." Reply Brief of Petitioner at 4 (No. 88-1177). At oral argument HWTC vigorously asserted that members would be "forced" to utilize salt domes and become "consumers" of EPA-permitted "lax" disposal methods. In the event these allegedly unsafe repositories leak, HWTC continued, members using them would face strict, joint, and several liability under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9657 (1982)."

866 F.2d at 438 (brackets in original). However, the D.C. Circuit held that the Petitioner lacked standing:

> This potential liability, however, insofar as it is incurred voluntarily, is not an injury that "'fairly can be traced to the challenged action,'" as required by Supreme Court decisions interpreting Article III of the Constitution. [Citations]. Rather, to the extent that this injury is self-inflicted, it is "so completely due to the [complainant's] own fault as to break the causal chain." Unlike the "consumer" firm in *HWTC II*, 861 F.2d 277, members *choosing* geologic repositories can avoid the threatened injury by *choosing* safer methods. If they instead *choose* disposal methods they believe to be unsafe, they presumably so do in

>their own self-interest. It is of no moment for the inquiry at hand that they may be "forced" by competitive pressures to *choose* unsafe methods; we cannot deem them injured, in the sense relevant under controlling precedent, by *their own choice* to compete in kind.

866 F.2d at 438 (emphasis added). *See also Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 133 S. Ct. 1138, 1151, 185 L. Ed. 2d 264 (2013) ["[R]espondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."]; *Mendia v. Garcia*, 768 F. 3d 1009, 1013 n. 1 (9th Cir. 2014) ["Mendia lacks standing to seek damages for any period of pre-trial detention he suffered after the state court granted him release on his own recognizance. Given that he *chose* to remain in state custody rather than accept release, his injury can't be deemed fairly traceable to the actions of the ICE agents unless it was reasonably incurred 'to mitigate or avoid' the future harm he claimed to fear." (emphasis in original)

Hence, the cases cited by Defendants hold only that when Plaintiffs *intentionally choose* to inflict harm upon themselves, they lack standing to complain that a defendant contributed to that harm in some way.  That might well be a fine rule, but it has no application to the instant case, in which Plaintiffs *accidentally* exposed themselves to harm.  Therefore, Plaintiffs indeed have standing.

## II. PLAINTIFFS HAVE STATED A CLAIM FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

Defendants argue that Plaintiffs have not stated a claim for relief because "clerical errors that result in contravention of regulations may serve as bases for rejection or denial." Defendants' Memorandum of Points and Authorities at 9. This argument has three flaws.

First, even if it true that clerical errors *may* serve as legitimate bases for rejection of a visa petition, that is a red herring. On a motion to dismiss for failure to state a claim, the question is whether as a matter of law, such a rejection can *never* be arbitrary and capricious. Defendants never claim that that is the case, let alone present authority therefor.

Second, the weight of authority holds that denial of a government benefit because of a clerical error on behalf of an applicant can, indeed, sometimes be arbitrary and capricious. For example, in *BK Instrument, Inc. v. United States*, 715 F. 2d 713 (2nd Cir. 1983), the Plaintiff had submitted a bid to provide tools to the government, but the bid was rejected due to a clerical error by the plaintiff. The Second Circuit held that the District Court had erred in dismissing the complaint, because factfinding was necessary to determine whether rejection was mandated by regulation and by government practice, where "the Army had early detected BK's error and BK had promptly remedied it well before the award to Am Kal."

715 F.3d at 730. In the instant case, of course, the Defendants also "early detected [Springcoin's] error and [Springcoin] had promptly remedied it." Hence, *BK Instrument* is essentially indistinguishable from the instant case.

In addition, in *Branstad v. Veneman*, 212 F. Supp. 2d 976 (ND Iowa 2002), the Court held it to be arbitrary and capricious and an abuse of discretion and for the Department of Agriculture to reject the Plaintiffs' request reconsideration of a timely appeal where they had sent their appeal to the wrong address; the Court distinguished the cases relied upon by the defendants on the ground that [i]n none of the cases upon which the USDA now relies as justifying such a conclusion was the lack of timeliness of the request for agency review the result merely of a clerical error[.]" 212 F.Supp. at 1003. Thus, *Brandstad* stands for the proposition that clerical errors by the plaintiff do not necessarily immunize government agencies from a finding of a violation of the Administrative Procedure Act.

The third flaw in Defendants' argument that Plaintiffs have not stated a claim for relief because "clerical errors that result in contravention of regulations may serve as bases for rejection or denial" is that Defendants did not issue a denial based on the clerical error. Rather, they issued a Notice of Intent to Deny. According to the applicable regulations, when the USCIS issues a Notice of Intent to Deny, the notice "will specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial

sufficient to give the applicant or petitioner adequate notice and *sufficient information to respond.* 8 CFR §103.2 (b)(8)(iv) (emphasis added).

The regulations further provide: "In response to a request for evidence or a notice of intent to deny, and within the period afforded for a response, the applicant or petitioner may: submit a complete response *containing all requested information* at any time within the period afforded; submit a partial response and ask for a decision based on the record; or withdraw the benefit request." 8 CFR §103.2 (b)(11) (emphasis added).

Defendants would have this Court believe that the regulations require that a Notice of Intent to Deny provide a petitioner for an H-1B visa "sufficient information to respond," and that they explicitly permit said petitioner to "submit a complete response containing all requested information," yet also permit the USCIS to simply ignore the proffered information.

That cannot be, and is not, the law. Rather, an agency violates the APA when its action was not "based upon a consideration of relevant factors." *Kwan v. Donovan*, 777 F.2d 479, 480 (9th Cir.1985). Hence, an agency "cannot simply ignore relevant evidence," *Waldoch v. Medtronic, Inc.,* 757 F. 3d 822, 833 (8th Cir. 2014), nor "arbitrarily refuse to credit a claimant's reliable evidence." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). See also THE BUTTON DEPOT v. US Dept. of Homeland Sec., 386 F. Supp. 2d 1140, 1148

11

(C.D. Cal. 2005) [Denial of H-1B visa petition an abuse of discretion where " Defendants failed to demonstrate that the denial of Button Depot's petition was based on a consideration of the relevant factors and the evidence in the administrative record."]; *Young China Daily v. Chappell*, 742 F. Supp. 552, 555 (N.D. Cal. 1989) [INS failure to consider relevant evidence proffered in support of visa petition "was a failure to consider relevant factors and constitutes an abuse of discretion."].

    In the instant case, the complaint alleges that Defendants ignored the response to the Notice of Intent to Deny, and that in doing so the Defendants acted arbitrarily and capriciously and that therefore the ultimate visa denial was an abuse of discretion. These authorities clearly demonstrate that those allegations state a claim for relief under the Administrative Procedure Act.  Defendants' motion to dismiss the complaint must therefore be denied.

Respectfully submitted.

DATED this __11_ day of March 2020.

\_\_\_\_

s/Jan H. Brown_____
JAN H. BROWN
Jhb@janHbrown.com
LAW OFFICES OF JAN H. BROWN, P.C.
363 Seventh Avenue, 20th Floor
New York, NY 10001
Tel.: 212-397-2800

Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPRINGCOIN, INC., and DEVIKA PRADHAN

CERTIFICATE OF SERVICE
Case No. 2:19-CV-094444-PA

I hereby certify that I am over the age of 18 and not a party to the above-titled action. I am employed as a __principal attorney_____ at the Law Offices of Jan H. Brown, P.C.  My business address is 363 Seventh Avenue, 20th Floor
New York, NY 10001.

On March _11_, 2020, I served this PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITON TO DEFENDANTS' MOTION TO DISMISS, on each person or entity named below by uploading an electronic version of this document to the Court's ECF system:

Vanessa Molina
Office of Immigration Litigation
District Court Section
United States Department of Justice
P.O. Box 868, Ben Franklin Station,
Washington, DC 20044.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on March _11_, 2020.

___s/Jan H. Brown_____