UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09444 PA (RAOx) | Date | April 3, 2020 |
|---|---|---|---|
| Title | Springcoin, Inc., et al. v. Kathy A. Baran, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None           Attorneys Present for Defendants:  None

**Proceedings:**              IN CHAMBERS—COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant the United States Citizenship and Immigration Services ("USCIS").  (Dkt. No. 18 ("Mot.").)  Plaintiffs Springcoin, Inc. and Devika Pradhan ("Plaintiffs") filed an Opposition (Dkt. No. 19 ("Opp.") and USCIS filed a Reply (Dkt. No. 20).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing scheduled for April 6, 2020 at 1:30 p.m. is vacated and the matter taken off calendar.

**I.     Factual and Procedural Background**

According to the Complaint, on April 11, 2019, Springcoin, Inc. ("Springcoin") filed an H-1B petition seeking to classify Devika Pradhan ("Pradhan") as a specialty occupation worker in the position of back end software engineer.  (Dkt. No. 1 ¶ 17.)  An H-1B visa "allows a foreign national to be admitted temporarily to the United States to work in a 'specialty occupation,' which is defined as an occupation that requires 'theoretical and practical application of a body of highly specialized knowledge' and 'attainment of a bachelor's or higher degree in a specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States."  (Id. ¶ 14 (citing 8 U.S.C. §1184 (i)(1).)

"[A]n employer seeking to obtain an H-1B visa for a prospective employee must file a certified Labor Condition Application ('LCA') which contains basic wage and location information about the proposed H-1B employment."  (Id. ¶ 15.)  In the LCA, the employer must identify the position, prevailing wage for the occupation in the area for intended employment, and the specific source relied upon to determine the wage.  (Id.)

As alleged in the Complaint, in the LCA Springcoin "inadvertently chose SOC code 15-1037 for Pradhan's wage code."  (Id. ¶ 19(a).)  SOC code 15-1037 indicates the prevailing wage code for higher education, non-profit, or government employees.  Because Springcoin is a private corporation, SOC code 15-1037 does not apply to it.

On July 23, 2019, defendants Kathy Baran, Director for the California Services Center for USCIS, and USCIS issued a Notice of Intent to Deny Springcoin's petition.  (Id. ¶ 18.)  The reason for the intent to deny was that Springcoin's LCA submitted with the petition stated the wrong wage code.  (Id.)  On August 15, 2019, Springcoin filed a response to the Notice of Intent to Deny.  (Id. ¶ 19.)  In its response,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09444 PA (RAOx) | Date | April 3, 2020 |
|---|---|---|---|
| Title | Springcoin, Inc., et al. v. Kathy A. Baran, et al. | | |

Springcoin stated that "while filling out the online LCA form, petitioner inadvertently chose SOC code 15-1037, instead of SOC code 15-1133, which is the code to be used for general employers. (Id. ¶ 19(a).) Springcoin then submitted a replacement LCA which listed the correct code. (Id. ¶ 19(c).)

On September 4, 2019, "USCIS issued a denial of the H-1B petition." (Id. ¶ 20.) Plaintiffs allege that "[i]n its denial, . . . USCIS ignored the issue that it raised in its Notice of Intent to Deny, ignored Plaintiffs' explanation for the clerical error which was the source of the objection raised by [USCIS] in its Notice of Intent to Deny, and simply stated that the petition was denied because the replacement LCA had been certified after the H-1B petition had been submitted. (Id.)

Plaintiffs filed this suit on November 1, 2019, alleging defendants Kathy Baran, Ken Cuccinelli, Director of USCIS and the Department of Homeland Security, Kevin K. McAleenan, Secretary of the Department of Homeland Security, USCIS, and the Department of Homeland Security violated Section 10b the Administrative Procedure Act, 5 U.S.C. § 702. Plaintiffs seek to hold "unlawful and set aside the September 4, 2019 decision of the Director of [USCIS] . . . denying the H-1B petition." (Id. ¶ 3.)

**II.    Legal Standard**

USCIS filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). USCIS alleges (1) Plaintiffs lack standing to pursue their Administrative Procedures Act claim under Federal Rule of Civil Procedure ("Rule") 12(b)(1), and (2) Plaintiffs fail to state a claim for relief pursuant to Rule 12(b)(6). (Dkt. No. 18.)

"Article III of the Constitution requires that a plaintiff have standing to assert claims in federal court." Jones v. Micron Technology Inc., 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Challenges to "Article III standing implicate a court's subject matter jurisdiction and therefore are properly raised under Federal Rule of Civil Procedure 12(b)(1)." Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). "Federal courts are courts of limited jurisdiction," and "[i]t is presumed that a cause lies outside this limited jurisdiction," unless otherwise shown. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where a challenge is to the plaintiff's standing as alleged, the Court looks only to the allegations in the complaint, and assumes the allegations are true. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

"If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed." Mollicone v. Universal Handicraft, Inc., 16-cv-07322, 2017 WL 440257, at *5 (C.D. Cal. Jan. 30, 2017). "To establish standing, a plaintiff has the burden to demonstrate (i) that he suffered an injury-in-fact, (ii) which resulted from the defendant's conduct, and (iii) that a favorable ruling would redress the injury." Jones, 400 F. Supp. 2d at 906. If a court finds that a plaintiff lacks standing, the court does not reach the other allegations. See, e.g., Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) (internal quotations omitted) ("[T]he threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09444 PA (RAOx) | Date | April 3, 2020 |
|---|---|---|---|
| Title | Springcoin, Inc., et al. v. Kathy A. Baran, et al. | | |

claim. Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits."); Makaryan v. Volkswagen Group of America, Inc., 17-cv-05086, 2017 WL 6888254, at *2 (C.D. Cal. Oct. 13, 2017) ("Because the Court agrees that Plaintiff's allegations fail to establish her standing, the Court does not reach Defendant's other arguments.").

**III.   Discussion**

USCIS asserts that Plaintiffs do not have standing to pursue their claims because Plaintiffs' purported injuries were not caused by the defendants but were instead caused by Plaintiffs' "own error in failing to obtain a correct [LCA] prior to the filing of the H-1B petition as required by regulation." (Mot. at 1 (citing 8 C.F.R. § 214.2(h)(4)(i)(B)(1).)

Pursuant to the Immigration and Nationality Act, the Department of Labor is required to certify an LCA within seven days unless the LCA is "incomplete or obviously inaccurate." 8 U.S.C. § 1182(n)(1). The Department of Labor does not conduct an extensive front-end review of the LCA. See 8 U.S.C. § 1182(n)(1). It is the employer's responsibility to ensure that the LCA is complete and accurate. 20 C.F.R. § 655.730(b). Once the Department of Labor certifies the LCA, the employer then files the LCA along with an I-129 Petition for a Nonimmigrant Worker with USCIS. 20 C.F.R. §§ 655.700(b)(2); 655.730(c)(3). USCIS must then determine whether the content in the LCA supports an H-1B visa petition.

Here, Springcoin's Complaint states Springcoin submitted two different LCA's in support of its April 11, 2019 H-1B petition, both of which were deficient. The first LCA was deficient because it indicated the wrong wage code provision. The second LCA Springcoin submitted in response to USCIS's Notice of Intent to Deny, which corrected the wage code provision issue, was deficient because it was obtained after Springcoin filed its H-1B petition. (See Dkt. No. 1 at ¶ 19(c) ("In an abundance of caution, [Springcoin] submitted a replacement LCA which listed the correct LCA code.").) Pursuant to the statute, the LCA must be certified by the Department of Labor before the employer may submit its H-1B petition. See 20 C.F.R. § 655.700.

In order to have standing, "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted). "[T]he underlying theme of 'cases discussing standing' is that the plaintiff's injuries must be caused by actions of a defendant, and not those of the plaintiff or third parties." Cal. Attorneys for Criminal Justice v. Butts, 922 F. Supp. 327, 332 (C.D. Cal. 1996). "To the extent that an injury is self-inflicted or due to the plaintiff's own fault, the causal chain is broken and standing will not be established." Makaryan, 2017 WL 6888254, at *6 (citing John & Vincent Arduini Inc. V. NYNEX, 129 F. Supp. 2d 162, 168 (S.D.N.Y. 2001)); see also Mendia v. Garcia, 768 F.3d 1009, 1013 n. 1 (9th Cir. 2014) (explaining that immigration detainee lacked standing to seek damages for a portion of his pre-trial detention because "the loss of liberty he experienced after being granted release on his own recognizance is . . . . a self-inflicted injury");

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09444 PA (RAOx) | Date | April 3, 2020 |
|---|---|---|---|
| Title | Springcoin, Inc., et al. v. Kathy A. Baran, et al. | | |

Red v. Gen. Mills, Inc., 15-cv-02232, 2015 WL 9484398, at *4 (C.D. Cal. Dec. 29, 2015) ("[S]elf-inflicted harm doesn't satisfy the basic requirements for standing.").

      Here, the alleged harm upon which Plaintiffs' claims are based were caused by Sprincoin. Springcoin failed to select the proper wage code provision in its first LCA, and its second LCA was deficient because it was not certified by the Department of Labor before Springcoin submitted its H-1B petition. Based on these deficiencies, the defendants could not have approved Plaintiffs' H-1B petition. Therefore, the Court finds that any inability to approve the H-1B petition was caused by Plaintiffs' error, not any error on the part of the defendants. Because Plaintiffs have failed to allege any injury that was caused by the defendants, Plaintiffs do not have standing to pursue their claim. See, e.g., Makaryan, 2017 WL 6888254, at *3 (granting motion to dismiss Plaintiff's complaint for lack of standing, finding any alleged defect in Plaintiffs' vehicle was caused by Plaintiffs' own conduct); National Family Planning and Reproductive Health Ass'n, Inc. v. Gonzales, 468 F.3d 826, 831 (D.C. Cir. 2006) (remanding to district court to dismiss for lack of jurisdiction, finding the plaintiff's failure to petition the Department of Health and Human Services to seek clarification was the plaintiff's own fault, and "even if self-inflicted harm qualified as an injury it would not be fairly traceable to the defendant's challenged conduct"). The Court finds that Plaintiffs have failed to allege any injury caused by the defendants, and therefore Plaintiffs do not have Article III standing to pursue their claims. Because the Court agrees that Plaintiffs' allegations fail to establish standing, the Court does not reach Defendants' other arguments.

## Conclusion

      For all of the foregoing reasons, the Court grants Defendants' Motion to Dismiss. The Court additionally concludes that no amendment could cure the deficiencies in Plaintiffs' theories of liability. As a result, the Court dismisses Plaintiffs' claim without leave to amend. The Court will issue a Judgment consistent with this Order.

      IT IS SO ORDERED.